UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA KELSEY,

    Plaintiff,

vs.

FLINT GROUP PACKAGING INKS
N. AMERICA HOLDINGS, LLC, et al.,

    Defendants.
_____/

Civil Action No. 18-CV-13790

HON. BERNARD A. FRIEDMAN

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is presently before the Court on defendants' motion to dismiss [docket entry 9]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a product liability, negligence, and wrongful death action. Plaintiff, on her own behalf and as the administrator of the estate of Lawrence Kelsey, alleges that decedent contracted cancer and died as a result of his exposure to "solvents, inks, and blends of inks for use in the printing industry . . . made by defendants." Am. Compl. ¶ 18. Decedent was diagnosed in March 2013, and he died in May 2014. Plaintiff commenced the instant action in December 2018.

Defendants argue that the complaint should be dismissed because it was filed after expiration of the applicable three-year limitations period.[1] They point to Mich. Comp.

---

[1] In Michigan, the statute of limitations is three years "for all actions to recover damages for the death of a person, or for injury to a person or property." Mich. Comp. Laws §

Laws § 600.5827, which states that with exceptions not applicable here, a "claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Defendants further argue that the wrong alleged in this case was done, at the latest, when decedent was diagnosed or when he died. Because the complaint was filed more than three years after either of these events, defendants suggest that the complaint must be dismissed as untimely.

In response, plaintiff appears to concede that Michigan law applies and that her claims are subject to a three-year limitations period. The dispute is over the event that triggers commencement of that period. Plaintiff argues that it was not until December 2017 that she first learned that defendants may have supplied inks to one of decedent's employers. Plaintiff indicates that on December 5, 2017, she deposed Kevin Miles, the manager of a plant where decedent once worked, and that Miles "identified Flint Ink as a supplier of ink" that was used in a printing press decedent operated. Pl.'s Resp. at 2-3. Citing *Yustick v. Eli Lilly & Co.*, 573 F. Supp. 1558 (E.D. Mich. 1983), plaintiff argues that her claims did not accrue until she obtained Miles' testimony because "the defendant must be identified as responsible for the product which caused the injury before a cause of action accrues." Pl.'s Resp. at 4.

In *Yustick*, this Court held that plaintiff's products liability claim "did not accrue within the meaning of the *Connelly* test until plaintiff discovered the identity of the

---

600.5805(10). The same limitations period applies to product liability actions. *See* Mich. Comp. Laws § 600.5805(13).

alleged tort-feasor." *Id.* at 1562. *Connelly*, in turn, was a product liability action in which the Michigan Supreme Court stated that "the cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint," i.e., duty, breach, causation, and damages. *Connelly v. Paul Ruddy's Equip. Repair & Serv. Co.*, 388 Mich. 146, 150 (1972). In *Yustick*, the Court believed that "the defendant must be identified as responsible for the product which caused the injury before a cause of action accrues." 573 F. Supp. at 1562.

*Yustick* cannot be reconciled with a more recent decision of the Michigan Supreme Court that spoke directly to the issue raised in the instant motion, i.e., whether a claim accrues when defendant harms plaintiff or when plaintiff learns the wrongdoer's identity. In *Trentadue v. Gorton*, 479 Mich. 378 (2007), plaintiff's decedent was murdered in 1986, but the murderer's identity was not learned until DNA testing was performed in 2002. Plaintiff then promptly filed suit against the murderer for wrongful death and various others for negligence. The issue on appeal was whether the negligence claims were barred by the three-year statute of limitations. Both the trial court and the Michigan Court of Appeals held that the common law discovery rule tolled the limitations period until the murderer's identity was learned because only then could plaintiff know of his claims and whom to sue. The Michigan Supreme Court reversed, holding that the common law discovery rule (which states that "a claim does not accrue until a plaintiff knows, or objectively should know, that he has a cause of action and can allege it in a proper

3

complaint") has been abrogated by § 600.5827, except as that statute specifically indicates[2] or as allowed by another statute, e.g., § 600.5839 (claims against architects, engineers, and contractors) or in the event of fraudulent concealment. The court concluded:

> Since the Legislature has exercised its power to establish tolling based on discovery under particular circumstances, but has not provided for a general discovery rule that tolls or delays the time of accrual if a plaintiff fails to discover the elements of a cause of action during the limitations period, no such tolling is allowed. Therefore, we conclude that courts may not employ an extrastatutory discovery rule to toll accrual in avoidance of the plain language of MCL 600.5827 and we reject this Court's contrary conclusion in *Chase v. Sabin*, 445 Mich. 190, 191-192, 516 N.W.2d 60 (1994). Because the statutory scheme here is comprehensive, the Legislature has undertaken the necessary task of balancing plaintiffs' and defendants' interests and has allowed for tolling only where it sees fit. This is a power the Legislature has because such a statute of limitations bears a reasonable relationship to the permissible legislative objective of protecting defendants from stale or fraudulent claims.

*Id.* at 672.

Application of *Trentadue* to the present case is straightforward. Plaintiff's product liability and wrongful death claims accrued in March 2013 and May 2014, respectively, because those are the dates when decedent allegedly was harmed by the inks and solvents manufactured or supplied by defendants. Plaintiff had three years from those dates, not from the date when she discovered defendants' involvement, to file suit because

---

[2] Section 600.5827 states that a "claim accrues at the time the wrong upon which the claim is based was done" except as indicated "in sections 5829 to 5838." Sections 600.5829 to 600.5838 state when certain kinds of claims accrue, e.g., claims pertaining to land, "mutual and open account current," breach of warranty, common carrier charges, installment contracts, and malpractice. Of these, only breach of warranty and malpractice claims accrue upon discovery.

the common law discovery rule has been abolished in Michigan except as to certain types of claims which are not alleged in this case. Nor does plaintiff suggest that the limitations period should be tolled due to defendants' fraudulent concealment of the existence of her claims or of defendants' identity.

Plaintiff's claims are plainly time-barred. When, as here, "the allegations show that relief is barred by the applicable statute of limitations, dismissal is proper under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *G.G. Marck & Assocs. v. Peng*, No. 18-3399, 2019 WL 460404, at *3 (6th Cir. Feb. 6, 2019). Accordingly,

IT IS ORDERED that defendants' motion to dismiss is granted.


                                              s/Bernard A. Friedman
Dated: April 10, 2019           BERNARD A. FRIEDMAN
      Detroit, Michigan       SENIOR UNITED STATES DISTRICT JUDGE